UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARY MICHAEL LAMBRIX,

    Petitioner,

v.                             Case No: 2:17-cv-541-FtM-99CM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court upon Cary Michael Lambrix's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. 1, filed October 2, 2017). Lambrix has also filed a Motion for Leave to Proceed *In Forma Pauperis* and a Motion for a Stay of Execution (Doc. 3; Doc. 5). This capital habeas corpus case is before the Court for initial review upon filing. Respondent has filed a response asserting that this Court lacks jurisdiction to consider the successive petition and opposing the motion to stay (Doc. 9).

The Petition pleads a single ground for relief in which Lambrix urges that his Due Process and Equal Protection rights are violated by the state court's failure to give retroactive effect to a revised version of Florida Statute § 921.141 (Florida's sentencing statute) and the United States Supreme Court's decision

in Hurst v. Florida, 136 S. Ct. 616 (2016) (Doc. 1).[1]  Lambrix has a scheduled execution date of October 5, 2017.

Lambrix attacks his March 22, 1984 state-court conviction and sentences of death on two counts of first-degree murder (Doc. 1 at 2).  As the Petition acknowledges, Lambrix previously attacked this judgment in a 1988 habeas corpus petition filed in the District Court for the Southern District of Florida (Case No. 88-12107-CIV-ZLOCH) (Doc. 1 at 15-16).  That petition was denied. Id.  This is Lambrix' fourth attempt to file a successive 28 U.S.C. § 2254 petition.  See Lambrix v. Sec'y, Fla. Dep't of Corr., 851 F.3d 1158, Part IV (11th Cir. 2017) (detailing Lambrix' prior

---

[1] The Supreme Court in Hurst plainly and expressly applied the standard it first set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), and later applied to capital cases in Ring v. Arizona, 536 U.S. 584 (2002), to Florida's capital-sentencing scheme; it neither expanded the Apprendi/Ring rule nor announced a new rule. As the Hurst Court explained, in Apprendi, it held that "any fact that 'expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict' is an 'element' that must be submitted to a jury." Hurst, 136 S. Ct. at 621 (quoting Apprendi, 530 U.S. at 494).  And in Ring, the Court stated, "we concluded that Arizona's capital sentencing scheme violated Apprendi's rule because the State allowed a judge to find the facts necessary to sentence a defendant to death." Id. The Court then reasoned, "[t]he analysis the Ring Court applied to Arizona's sentencing scheme applies equally to Florida's." Id. at 621–22. It concluded, "[i]n light of Ring, we hold that Hurst's sentence violates the Sixth Amendment." Id. at 622. The Court acknowledged that it had earlier reviewed and upheld Florida's capital sentencing statute in two cases, but now overruled them as "irreconcilable with Apprendi." Id. at 623.  After Hurst, the Florida legislature amended the state's death penalty statute to require that a unanimous jury sentence a defendant to death.

successive petitions). There is no question, therefore, that the instant Petition is a second-in-time habeas corpus petition.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. § 2244(b)(2) to read as follows:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Id. The statute requires authorization from the relevant circuit court before a district court considers a second or successive petition. 28 U.S.C. § 2244(b)(3)(A). Where the prisoner fails to seek or to obtain such authorization, the district court lacks jurisdiction to consider the merits of the petition. Burton v. Stewart, 549 U.S. 147 (2007).

Lambrix correctly notes that not every second-in-time petition is properly classified as a second or successive petition (Doc. 1 at 19). To avoid that classification, Lambrix relies on Panetti v. Quarterman, 551 U.S. 930 (2007). In Panetti, the Supreme Court held that the statutory bar on second or successive applications does not apply to claims under Ford v. Wainwright, 477 U.S. 399, 410 (1986)—which prohibited the execution of insane prisoners—that are filed after the state has obtained an execution warrant. Panetti, 551 U.S. at 947 (as to a claim that had not been presented in an earlier petition). This exception is based on the ripeness doctrine, permitting a petitioner to file what is functionally a first petition as to a previously unripe claim that becomes ripe only when execution is imminent, since an individual's competency to be executed cannot properly be assessed until that time. See Panetti, 551 U.S. at 945 (concluding that "Congress did not intend the provisions of AEDPA addressing 'second or successive' petitions to govern a filing in the unusual posture presented here: a § 2254 application raising a Ford-based incompetency claim filed as soon as that claim is ripe.").

In this case, Lambrix cannot rely on Panetti's ripeness theory. The Ford claims at issue in Panetti were based on the petitioner's mental condition, involving facts that change significantly over time and, therefore, became ripe only close to execution when those facts could properly be assessed. Here,

Lambrix does not argue that his case just became ripe because of new facts. Rather, he urges that a change in the law, entitles him to file a successive 28 U.S.C. § 2254 petition (Doc. 2 at 13) (urging that Lambrix's claims ripened when Florida revised its capital sentencing statute on March 13, 2017). However, the facts of Lambrix's case remain the same, and he basis his new claim solely upon the clarification of a legal rule that was established many years ago.

ACCORDINGLY, it is hereby

**ORDERED:**

1. This case is hereby **DISMISSED** without prejudice.

2. Petitioner's Motion for Leave to Proceed In Forma Pauperis and Application (Doc. 3) and Motion for a Stay of Execution (Doc. 5) are **DENIED** without prejudice to their renewal if the circuit court grants permission to proceed.

3. The **Clerk of the Court** is directed to close.

**DONE** and **ORDERED** in Fort Myers, Florida on this \_\_2nd\_\_ day of October, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record
Eleventh Circuit Court of Appeal