UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARY MICHAEL LAMBRIX,

      Petitioner,

v.                      Case No: 2:17-cv-541-FtM-29CM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

      Respondents.
_____

**ORDER**

This matter comes before the Court upon Petitioner Cary Michael Lambrix's Application for a Certificate of Appealability (Doc. 13, filed October 4, 2017). For the reasons given below, the motion is **GRANTED**.

## I. Background

Lambrix has a scheduled execution date of October 5, 2017. He filed a 28 U.S.C. § 2254 petition for writ of habeas corpus on October 2, 2017 (Doc. 1). He argued that his Due Process and Equal Protection rights are being violated by the state court's failure to give retroactive effect to a revised version of Florida Statute § 921.141 (Florida's sentencing statute) and the United States Supreme Court's decision in Hurst v. Florida, 136 S. Ct. 616 (2016). Id.

The Court dismissed Lambrix's § 2254 petition without prejudice on the ground that it was an impermissible second or

successive petition under 28 U.S.C. § 2244(b)(3)(A). Lambrix was advised that he must first receive authorization from the Eleventh Circuit Court of Appeals before this Court has jurisdiction to consider his successive § 2254 petition (Doc. 10).

## II.  Analysis

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further'", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

Lambrix argued in his October 2, 2017 petition that his claim was not successive. He pointed to Panetti v. Quarterman, 551 U.S. 930 (2007), and urged that the case stands for the proposition that a claim that could not have become ripe at an earlier date is not "successive" under 28 U.S.C. § 2244(b)(3)(A). This Court concluded that Panetti was based on new facts that changed

significantly over time and therefore, Panetti's claims became ripe only close to the execution when those facts could be properly assessed (Doc. 10). However, in the instant case, Lambrix basis his claim on a clarification in *existing* law. Id.

Lambrix urges that the exact parameters of the Panetti exception are debatable among jurists of reason. To support this assertion, he points to In re Jones, 652 F.3d 603 (6th Cir. 2010), in which the Sixth Circuit Court of Appeals concluded that Jones' ex post facto claim, which challenged statutory changes in Michigan's parole system made after Jones' sentence was imposed, was unripe at the time of his first § 2254 petition (Doc. 13 at 4). The Sixth Circuit determined that Jones' ex post facto claim was not properly classified as successive. Lambrix now argues:

> The Sixth Circuit decision is certainly contrary to the view that a change in law cannot give rise to a previously unripe claim. In Jones, there was no change in the facts of Jones' case, only a change in Michigan's statutory law which gave rise to an ex post facto claim. The Sixth Circuit's ruling has to mean that this Court's construction of Panetti is debatable among jurists of reason.

(Doc. 13 at 4). Lambrix has made the requisite showing that reasonable jurists could debate whether his October 2, 2017 28 U.S.C. § 2254 petition should be considered successive. See also Stewart v. United States, 646 F.3d 856 (11th Cir. 2011); United States v. Obeid, 707 F.3d 898 (7th Cir. 2013); In re Weathersby,

717 F.3d 1108, 1110 (10th Cir. 2013); <u>United States v. Hairston</u>, 754 F.3d 258, 262 (4th Cir. 2014).

ACCORDINGLY, it is hereby

**ORDERED:**

Lambrix is **GRANTED** a certificate of appealability on the issue of whether this Court correctly concluded that it lacked jurisdiction to consider his October 2, 2017 habeas petition.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___4th___ day of October, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record